**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        Plaintiff,<br>vs.<br><br>ISRAEL KEYES,<br><br>        Defendant. | 3:12-cr-041-TMB-JDR<br><br>**MEMORANDUM ORDER**<br><br>**Ex Parte and Under Seal** |

      Pursuant to Guidelines for the Administration of the Criminal Justice Act ("Guidelines") ¶2.30, the following procedures for interim payments shall apply during the course of the representation of ISRAEL KEYES in this case.

      Third counsel, Mark A. Larrañaga, has requested $178 per hour. While the Court finds he is highly qualified, third counsel is not compensated at the same rate as lead counsel in the Ninth Circuit. He is granted $160.00 per hour.

**Submission of Vouchers**

      Each month [defendant's] counsel shall submit an interim CJA Form 30 ("Appointment of and Authority to Pay Court Appointed Counsel"). Counsels'

compensation earned plus reimbursable expenses incurred from the first to the last day of each month shall be claimed on an interim voucher submitted no later than the tenth day of the following month (or if that is not a business day, then the first business day thereafter). However, because of the date on which this memorandum order is being entered, counsels first interim voucher shall reflect all compensation claimed and reimbursable expenses incurred from their effective dates of appointment to May 1, 2012, and shall be submitted no later than June 10, 2012. Counsel shall indicate that the voucher is a interim voucher.

Since Alaska is just now converting to eVoucher, attorneys are to submit bi-monthly with Ms. Walsh submitting one month and Mr. Larrañaga submitting the next. Once the eVoucher system is up and running smoothly, counsel may petition to court to reconsider their request and allow billing monthly by both attorneys.

Each interim voucher shall be numbered in series and shall specify the time period that it covers. Interim vouchers shall be submitted in accordance with the schedule referred to in the preceding paragraph even though little or no compensation or expenses are claimed for a particular period. All interim vouchers shall be supported by detailed and itemized time and expense statements. Guidelines ch. 2, §3, which outlines the procedures and rules for claims by CJA attorneys, shall be followed for each voucher.

The Magistrate Judge will review the interim voucher(s) when submitted, particularly with regard to the amount of time claimed, and will authorize compensation to be paid at the applicable hourly rate.

This Court will also authorize for payment all reasonably incurred reimbursable expenses. Each approved interim voucher will be submitted in accordance with the current CJAe Voucher program for payment.

**Reimbursable Expenses**

Counsel may be reimbursed for out-of-pocket expenses reasonably incurred incident to their representation of ISRAEL KEYES. While the statute and applicable rules and regulations do not place a monetary limit on the amount of expenses that can be incurred, counsel should incur no single expense item in excess of $250 without prior approval of this Court. Each such approval may be sought by filing an ex parte application (in camera, if necessary) stating the nature of the expense, the estimated dollar cost and the reason that the expense is necessary to the representation. Upon a finding that the expense is reasonable, the Court will authorize counsel to incur it. Recurring expenses such as telephone toll calls, photocopying and photographs that are individually less than $250, but aggregate more than $250 on one or more interim vouchers, are not considered single expenses requiring court approval.

If travel is necessary for the purpose of interviewing witnesses or other case-related purposes, the $250 rule should be applied in the following manner: Travel expenses such as air fare, mileage, parking fees, meals and lodging can be claimed as itemized expenses. Accordingly, if the reimbursement for expenses relating to a single trip is anticipated to aggregate an amount in excess of $250, the travel should receive prior approval of this Court.

Counsel may find the following additional guidelines helpful:

1. Case-related travel by privately-owned automobile should be claimed at the rate of ** (check with CJA Administrator for current rate) cents per mile plus parking fees and toll charges. Transportation other than by privately-owned automobile should be claimed on an actual expense basis. Air travel in "first class" is prohibited.

2. Actual expenses incurred for meals and lodging while traveling in the course of this representation must conform to the prevailing limitations placed upon travel and subsistence expense of federal judiciary employees in accordance with existing government travel regulations. For specific details concerning high cost areas, counsel should consult the CJA Administrator.

3. Telephone toll calls, telegrams, photocopying and photographs can all be reimbursable expenses if reasonably incurred. However, general office overhead (such as but not limited to rent, secretarial help, paralegal services,

computer-assisted legal research and local telephone services) is not a reimbursable expense, nor are items of a personal nature. In addition, expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by Fed. R. Crim. p. 17 and 28 U.S.C. §1825.

## Further Questions or Guidance

Answers to questions concerning CJA appointment can generally be found in (1) 18 U.S.C. §3006A, (2) the Plan of this District Court, available through the Clerk of Court's Web Page, and (3) the Guidelines, which are published by the Administrative Office of the United States Courts and are also available through the Clerk of Court. Should those references fail to provide the desired clarification or direction, counsel should address their inquiry directly to this Court.

DATED this 16th day of May, 2012, at Anchorage, Alaska.

*/s/ John D. Roberts*
JOHN D. ROBERTS
United States Magistrate Judge