## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>          Plaintiff,<br>    vs.<br><br>ISRAEL KEYES,<br><br>          Defendant. | 3-12-cr-041-TMB-JDR<br><br>**<u>FIRST<br>PRETRIAL SCHEDULING<br>ORDER</u>** |

       Counts 1 of the (3 Count) First Superseding Indictment (Docket No. 14) charging defendant Keyes with kidnaping resulting in death (18 U.S.C, § 1201(a)(1)) is punishable by sentence of death. 18 U.S.C. § § 2119; 924(j) and 3591. The case has been declared complex by the trial judge. *See* Docket No. 77. Trial by jury in this case is currently set for **March 11, 2013**. Accordingly, upon due consideration of the parties' Status Reports filed at Dockets 82 and 83 respectively, scheduling and pretrial motion deadlines are hereby addressed below.

       The Department of Justice (DOJ) has developed procedures by which the decision to seek a sentence of death is reached, vesting the ultimate decision with the Attorney General of the United States. Pursuant to 18 U.S.C. § 3593 the United States must serve notice to the court and the defendant within a reasonable time before trial of its intent to seek a death sentence should the United States

believe that circumstances justify a sentence of death. The DOJ procedure requires the United States Attorney to prepare a memorandum for the Attorney General's Capital Review Committee, and provide an opportunity to the defendant to submit evidence and arguments in mitigation to the United States Attorney and the Committee prior to any decision being made by the Attorney General. The court assumes that the prosecutors will follow the current United States Attorney Manual Guidelines in whether to seek the death penalty.[1]

The DOJ procedures require the United States Attorney to prepare a memorandum for the Attorney General's Capital Review Committee before the ultimate decision to seek or not seek the death sentence is made by the Attorney General of the United States. The procedures further provide an opportunity for the defendant to meet and submit evidence and argument in mitigation to both the United States Attorney and the Committee prior to any decision being made by the Attorney General. In the interest of justice the court with the concurrence of the parties does hereby establish a schedule for the resolution of whether the government will seek the death penalty.

1. No later than **July 20, 2012**, the United States Attorney shall serve a copy of its proposed report on counsel for Mr. Keyes.

2. On or before **August 21, 2012**, defendant Keyes shall submit his arguments and evidence to the United States Attorney in favor of mitigation.

3. The United States Attorney for the District of Alaska is expected to submit his recommendation and any supporting memorandum concerning whether the death penalty is sought to the Capital Review Committee on or before **September 21, 2012**. *The Attorney General is expected to have a decision on whether the death penalty is sought by the government by the end of the calendar*

---

[1] The manual warns that the guidelines do not create any substantive rights for a criminal defendants.

*year 2012.* The government will then file its notice under 18 U.S.C. § 3593(a) that the government will seek the death penalty, or file a notification on the record with a copy to the defendant that it will not seek the death penalty.

The court believes that this schedule allows reasonable time for counsel for the parties to discharge their respective duties with respect to the question of whether the death penalty should be sought, giving due regard to the factual complexity of the case. The court recognizes that scheduling extensions may be necessary to accommodate full development of facts related to the guilt and aggravating factors as the case proceeds.

4. Based upon the above expectations the following schedule for pretrial motion practice is set:

The government to produce Rule 16(a)(1) discovery (defendant's statements): **July 6, 2012.**

- A. No later than **August 6, 2012** the following pretrial motions are due: (1) challenges to the validity of the indictment; (2) unresolved discovery matters necessitating motion practice; (3) bill of particulars.
- B. No later than **September 4, 2012**: motions for disclosure of confidential informants;
- C. No later than **October 1, 2012**: suppression of statements by the defendant.
- D. No later than **October 16, 2012**: suppression of evidence seized without warrants.
- E. No later than **November 1, 2012**: Wiretaps Motions regarding Ceiling and Minimization, and Wiretap motions regarding necessity requirements.

F. No later than **November 13, 2012**: (1) challenges to arrests or search warrants.

G. No later than **December 15, 2012**: motions to sever counts.

H. No later than **January 11, 2013** (both parties): Rule 702 motions and disclosure of written summaries of testimony from expert witnesses discoverable under the Federal Rules of Criminal Procedure or case law.

I. No later than **January 22, 2013**: motions in limine.

J. Rebuttal expert notices: **February 11, 2013** (one month before trial).

K. Jencks and Giglio Disclosure Deadline: **February 11, 2013.**

L. Inspection of trial documents and objects, made available by parties: **February 11, 2013.**

5. ***Oppositions to motions shall be due 14 days after the motion is filed.*** Any **replies** to a motion listed above **shall be due 7 days after the filing of any response**. Evidentiary hearings or arguments shall be scheduled promptly as needed.

6. The court will require the presence of the defendant in court for all evidentiary hearings and hearings on dispositive motions. Unless otherwise ordered the court is not likely to require the defendant's physical presence for hearing(s) addressing scheduling or a status hearing.

7. In order to keep the court and the parties fully advised on matters affecting the progress of the case toward its ultimate disposition the court will hold regular status conferences to be held approximately every 45 days. Accordingly, status hearings in this cause are hereby set for 9:30 AM on Monday, July 9, 2012; Thursday, August 23, 2012; Tuesday, October 9, 2012; Wednesday, November 21, 2012; Monday, January 7, 2013; and Thursday, February 21, 2013.

(Further status conferences will be set as needed). Counsel may arrange for telephonic appearance by calling 907-677-6231[2]. Unless otherwise ordered, Mr. Keyes may participate by telephone in the status hearings.

8. If the government decides not to seek the death penalty then the court will need to address the number of appointed counsel and the hourly rate of compensation for the continuation of the defense.

9. The Court will not alter the deadlines specified except for the most compelling of reasons.

DATED this 8th day of June, 2012, at Anchorage, Alaska.

*/s/ John D. Roberts*
JOHN D. ROBERTS
United States Magistrate Judge

---

[2] If defense counsel need more than one telephone connection they should make the necessary arrangements with the Clerk's office to use the "meet-me-bridge" system.